# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LAZARO CRIBEIRO PEREZ,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:18-cv-17

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner Lazaro Perez's ("Perez") failure to comply with the Court's April 25, 2018 Order and Respondent's Motion to Dismiss. Docs. 8, 12. For the following reasons, I **RECOMMEND** the Court **DISMISS** Perez's Petition **without prejudice** for failure to follow the Court's directives, or, in the alternative, **GRANT** Respondent's Motion to Dismiss and **DISMISS** Perez's Petition **without prejudice** for failure to exhaust his administrative remedies.[1] I further **RECOMMEND** that the Court **DIRECT** the

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Perez that his suit is due to be dismissed. As indicated below, Perez will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Perez leave to appeal *in forma pauperis*.

## BACKGROUND

On February 20, 2018, Perez filed his 28 U.S.C. § 2241 Petition in the District Court for the Northern District of Georgia. Doc. 1. That court transferred Perez's Petition to this District on March 1, 2018. Docs. 2, 3. Perez did not pay the required filing fee or move to proceed *in forma pauperis* when filing this action. Accordingly, on March 1, 2018, the Clerk of Court directed Perez to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*. Doc. 5. The Clerk warned Perez that his failure to comply with that notice may result in dismissal of this action. Id. That mailing was not returned as undeliverable or as otherwise failing to reach Perez. Perez failed to pay the requisite filing fee or move to proceed *in forma pauperis* within the allotted time, and the United States Magistrate Judge recommended the Court dismiss without prejudice Perez's Petition based on his failure to follow this Court's directive. Doc. 6. In response, Perez paid the requisite filing fee and filed an Amended Petition. Doc. 7. The Magistrate Judge vacated the Report and Recommendation and directed service of Perez's Amended Petition. Doc. 8.

In his Amended Petition, Perez asserts the Bureau of Prisons ("BOP") erroneously classified him as a deportable alien without an immigration detainer. Doc. 7 at 7. Perez alleges he was diagnosed with Peyronie's disease and has been denied medical attention. Id. Additionally, Perez contends the case manager refused to file an application for placement in a halfway house based on the false immigration proceedings. Id.

Respondent moved to dismiss Perez's Petition for the following reasons: Perez failed to exhaust his administrative remedies; Perez sets forth conditions-of-confinement claims that are

2

not cognizable under § 2241; Perez is not in the custody of Immigration and Customs Enforcement ("ICE"); and Perez's challenge to his status as a deportable alien exceeds the scope of judicial review of BOP's decisions. Doc. 12. Perez filed a Response to the Motion to Dismiss. Doc. 14.

Before the Court could review Perez's Amended Petition and Respondent's Motion to Dismiss, however, the Court administratively stayed the proceedings in this case due to the lapse in federal appropriations by Order dated January 11, 2019. Doc. 15. That Order was sent to Perez at the most recent address the Court has for him, and Perez's mail was returned as undeliverable with the notation Perez was "Not at this Facility." Docs. 16, 18. The stay was lifted, notice was sent to Perez, and that notice was returned as undeliverable as well. Docs. 17, 19. Perez has made no filings since he responded to the Motion to Dismiss on June 18, 2018.

## DISCUSSION

The Court must now determine how to address Perez's failure to comply with this Court's Orders. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Perez's Petition. In the alternative, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Perez's Petition based on his failure to exhaust administrative remedies. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Perez leave to appeal *in forma pauperis*.

**I.     Dismissal for Failure to Prosecute and to Follow this Court's Orders**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to

manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Perez has failed to update the Court with his current address, despite the Court's instruction to him regarding this obligation.  Doc. 8 at 2.  The Court has attempted to notify Perez of filings in this case multiple times, and those notices have been returned as undeliverable.  Docs. 16, 17, 19.  The Court has no means by which it can communicate with Perez and is unable to move forward with this case.  Thus, the Court should **DISMISS without prejudice** Perez's § 2241 Petition, as amended.  Docs. 1, 7.

## II.     Whether Fernandez Exhausted his Administrative Remedies

### A.     Legal Requirements for Exhaustion

The Eleventh Circuit Court of Appeals has held that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect.  Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional.").  Nevertheless, the Eleventh Circuit has noted "that the

5

exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475). Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[3]

The Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

---

[3] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

6

because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies.[4] First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

**C.      Analysis of Perez's Efforts at Exhaustion**

In his Amended Petition, Perez seems to contend he filed an administrative remedy at D. Ray James Correctional Facility, yet he never received a response. Doc. 7 at 2. Additionally, in response to the Motion to Dismiss, Perez states he "filed Administrative remedies including to the B.O.P. in Washington no response receive [sic]." Doc. 14 at 2. While it appears Perez exhausted his administrative remedies at the first Turner step, the Court proceeds to the second Turner step and makes specific factual findings pertinent to the exhaustion question.

---

[4]     Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner would be no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683-JFA-TER, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[5] This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form within 20 days of the informal resolution request. An inmate may appeal the Step 1 administrative remedy to the Warden via a Step 2 administrative remedy form within five business days after the Step 1 response is returned. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization Management Branch (BP-10), so long as the appeal involves BOP-related matters. Betancur v. Johns, Civil Action No.: 5:15-cv-87, 2016 WL 6396016, at *4 (S.D. Ga. Oct. 26, 2016), *adopted by* 2016 WL 7257000 (S.D. Ga. Dec. 14, 2016). Examples of BOP-related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release. Pichardo v. Zenk, Civil Action No.: CV511-069, 2011 WL 5102814, at *2 n.4 (S.D. Ga. Sept. 27, 2011), *adopted by* 2011 WL 5103758 (S.D. Ga. Oct. 26, 2011). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel (BP-11). If an inmate files an administrative remedy concerning a BOP-related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Betancur, 2016 WL 6396016, at *4.

---

[5] It has been the Court's experience that inmates at D. Ray James Correctional Facility are to use the contractor's grievance procedures for exhaustion purposes, which vary slightly from the BOP's administrative remedies process, although both procedures require a final appeal with the Office of General Counsel. See, e.g., Martinez v. Johns, Civil Action No.: 5:17-cv-120, 2017 WL 4934674, at *3 (S.D. Ga. Oct. 31, 2017), *adopted by* 2017 WL 6029622 (S.D. Ga. Dec. 5, 2017).

The evidence before the Court shows Perez has not filed any administrative remedy requests for BOP-related matters since he has been incarcerated based on his federal sentence. Doc. 12-1 at 2. Glenda Dykes, an administrative remedies clerk with the BOP, declares that Perez "never submitted any administrative remedies during his incarceration." Id. As support, Ms. Dykes cites the Administrative Remedy Generalized Retrieval data for Perez, dated May 9, 2018, which reveals "No Remedy Data Exists for" Perez. Id. at 9.

The Court finds this evidence more credible than Perez's unsupported and conclusory allegations regarding exhaustion. To be sure, the only evidence Perez submitted reveals he made a Request to Staff on March 1, 2018, regarding placement in a halfway house and the removal of his public safety factor, which was after he filed his Petition on February 20, 2018. Doc. 1; Doc. 7 at 16; Doc. 14-1 at 7. In addition, Perez submitted another Request to Staff on March 29, 2018, in which he asked the case manager to "please start to proces[s] my half way house[.]" Doc. 14-1 at 6. This request was also made after Perez filed his § 2241 Petition. However, these Requests to Staff are not administrative remedies and, even if they were, Perez did not submit these Requests until after he filed his § 2241 Petition and only a short time before he filed his Amended Petition on April 16, 2018. Additionally, he did not make an effort to appeal any rejection of his request. Doc. 7.[6] Thus, Perez failed to file an administrative remedy as to his claims that he is entitled to early release. As set forth in this Report, Perez's claims concern BOP-related matters which must be filed and appealed through the above-described process, which Perez failed to do. Additionally, based on Respondent's submissions, it appears that the BOP's administrative remedies are available to Perez, despite any contentions he may raise to

---

[6] Other than the filings he made after he initiated this cause of action, Perez's Amended Petition is identical to his original Petition. Indeed, Perez's Amended Petition is dated December 26, 2017, doc. 7 at 9, which is the same date of his original Petition, doc. 1 at 9.

the contrary. Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Perez's claims based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.[7]

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Perez leave to appeal *in forma pauperis*. Though Perez has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Perez's failure to follow this Court's directives and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an

---

[7] Because I recommend the Court dismiss Perez's Petition, as amended, based his failure to comply with Court orders and, alternatively, due to his failure to exhaust administrative remedies, it is not necessary to address Respondent's other grounds for dismissal.

appeal would not be taken in good faith.  Thus, the Court should **DENY** Perez *in forma pauperis* status on appeal.

## CONCLUSION

I **RECOMMEND** the Court **DISMISS** Perez's Petition **without prejudice** for failure to follow the Court's directives, or, in the alternative, **GRANT** Respondent's Motion to Dismiss and **DISMISS** Perez's Petition **without prejudice** for failure to exhaust his administrative remedies.  I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Perez leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Perez and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA